Not for Publication

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRIAN L. TAYLOR,<br><br>*Plaintiff,*<br><br>v.<br><br>MARC SULLIVAN,<br><br>*Defendant.* | Civil Action No. 19-16817<br><br>**OPINION & ORDER** |

**John Michael Vazquez, U.S.D.J.**

Plaintiff Brian F. Taylor brings the above-captioned action *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.E. 1-1). For the reasons discussed below, the Court **GRANTS** Plaintiff's application to proceed *in forma pauperis*, but **DISMISSES** Plaintiff's Complaint (D.E. 1) ("Compl.") pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Under Section 1915, this Court may excuse a litigant from prepayment of fees when the litigant "establish[es] that he is unable to pay the costs of his suit." *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Plaintiff has sufficiently established his inability to pay for the costs of his suit and the Court grants Plaintiff's motion to proceed *in forma pauperis* without prepayment of fees or costs.

When allowing a plaintiff to proceed *in forma pauperis* the Court must review the complaint and dismiss the action if it determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune. 28 U.S.C. § 1915(e)(2)(B). When considering dismissal under Section 1915(e)(2)(B)(ii) for failure to state a claim on which relief can be granted, the Court must apply

the same standard of review as that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012).

To state a claim that survives a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Id.* at 789. In other words, although a plaintiff need not plead detailed factual allegations, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp.*, 550 U.S. at 555 (internal quotations omitted).

Because Plaintiff is proceeding *pro se*, the Court construes the Complaint liberally and holds it to a less stringent standard than papers filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court, however, need not "credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).

2

Plaintiff's Complaint states that he is bringing constitutional civil rights claims "according to age and disability" against Marc Sullivan[1] ("Defendant"). Compl. at 2. In support of this allegation, Plaintiff appears to claim that Defendant violated the Americans with Disabilities Act ("the ADA") and caused Plaintiff to suffer "[p]ersonal [i]njury ([m]ental)" as a result of his termination. *Id.* at 7. To establish a *prima face* case of discrimination under the ADA, a plaintiff must demonstrate that (1) he is a disabled person within the meaning of the ADA; (2) he is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer; and (3) he has suffered an otherwise adverse employment decision as a result of discrimination." *Taylor v. Phoenixville Sch. Dist.*, 184 F.3d 296, 306 (3d Cir. 1999) (internal quotation and citation omitted).

Plaintiff claims that he was terminated after Defendant found him speaking on the phone at work. *Id.* at 6. After Defendant allegedly ordered Plaintiff to hang up the phone, Plaintiff states that he and Defendant argued about the "demeaning tone" Defendant used while speaking to Plaintiff. *Id.* Plaintiff claims that during that encounter, Defendant fired Plaintiff. *Id.* Plaintiff indicates that he "suffers legally and clinically from Bi-Polar Disorder and Paranoid Schizophrenia," Plaintiff fails to sufficiently plead any factual allegations that Defendant terminated Plaintiff as a result of discrimination or on the basis of his disability or age. *Id.* at 7. Instead, Plaintiff indicates that he was fired for getting into an argument with Defendant over Plaintiff's phone use. Therefore, Plaintiff fails to plausibly state a claim against Defendant. *Id.* at 6-7. Accordingly, the Court dismisses Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[1] Defendant Sullivan is alleged to be Plaintiff's "Event Manager" at "CDS/Advantage Solutions."

3

When dismissing a case brought by a *pro se* plaintiff, a court must decide whether the dismissal will be with prejudice or without prejudice, the latter of which affords a plaintiff with leave to amend. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 110-11 (3d Cir. 2002). The district court may deny leave to amend only if (a) the moving party's delay in seeking amendment is undue, motivated by bad faith, or prejudicial to the non-moving party or (b) the amendment would be futile. *Adams v. Gould, Inc.*, 739 F.2d 858, 864 (3d Cir. 1984). Given Plaintiff's allegations, it appears that any attempt at amendment would be futile. However, because Plaintiff is proceeding *pro se* and this is the Court's initial screening, the Court will provide Plaintiff with one additional opportunity to file an amended complaint. Therefore, the Court provides Plaintiff thirty (30) days to file an amended complaint that cures the deficiencies set forth herein.

If Plaintiff is proceeding pursuant to a legal theory other than those discussed herein, he must set forth the basis for his claim and provide plausible factual allegations to support the claim. If Plaintiff does not submit an amended complaint curing these deficiencies within thirty (30) days, the dismissal will then be with prejudice. A dismissal with prejudice means that Plaintiff will be precluded from filing any future suit against any present Defendant, concerning the allegations in the Complaint.

For the foregoing reasons, and for good cause shown,

**IT IS** on this 25th day of October, 2019,

**ORDERED** that pursuant to 28 U.S.C. § 1915(a), Plaintiff Brian L. Taylor's application to proceed *in forma pauperis* is **GRANTED**; and it is further

**ORDERED** that the Clerk of the Court is directed to file the Complaint without prepayment of the filing fee; and it is further

4

**ORDERED** that Plaintiff's Complaint is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); and it is further

**ORDERED** that Plaintiff may file an amended complaint within thirty (30) days of receipt of this Opinion and Order, curing the deficiencies noted herein. If Plaintiff fails to file an amended complaint within thirty (30) days of receipt, dismissal of this case shall be with prejudice.[2] In addition, if Plaintiff files an amended complaint but it is still deficient, this case will be dismissed with prejudice; and it is further

**ORDERED** that the Clerk of the Court shall serve this Opinion and Order upon Plaintiff by regular and certified mail return receipt.

John Michael Vazquez, U.S.D.J.

---

[2] A dismissal with prejudice means that Plaintiff will not be able to bring any future action against Defendant based on the allegations in the case.